IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALFONSO MCGEE,** ) | |
| No. 08938-025, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 12-cv-00846-MJR |
| ) | |
| **UNITED STATES of AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

By Order dated August 24, 2012 (Doc. 3), the Court dismissed with prejudice Petitioner Alfonso McGee's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Dismissal was based on a waiver of McGee's right to appeal or collaterally attack his sentence. The waiver was a part of the plea agreement between McGee and the Government in the criminal case underlying McGee's Section 2255 motion. The merits of McGee's arguments regarding ineffective assistance of counsel were not addressed by the Court.

Pursuant to Federal Rule of Civil Procedure 59(e), Petitioner McGee is now before the Court seeking amendment of the final judgment that was entered dismissing his Section 2255 petition (Doc. 5). McGee contends that the Court applied the wrong legal standard in determining that legal counsel was ineffective. He also observes that the Court's Order did not grant or deny a certificate of appealability, as required by Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Rule 59(e) permits a court to amend a judgment if the movant demonstrates a manifest error of law or presents newly discovered evidence that was not previously available. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). A review of the August 24, 2012, Order reveals that McGee is correct with regard to the absence of the required certificate of appealability. However, because the Section 2255 motion was denied based on a waiver of the right to collaterally attack the sentence, the Court never needed to reach the merits of McGee's argument that his counsel was ineffective at sentencing. Consequently, there is no error to review, let alone correct. For these reasons, Petitioner McGee's Rule 59(e) motion to amend the final judgment dismissing his Section 2255 petition (Doc. 5) is **GRANTED IN PART AND DENIED IN PART**.

The Court's Order dated August 24, 2012 dismissing McGee's Section 2255 petition (Doc. 3) and the corresponding Judgment (Doc. 4) are hereby **VACATED.** A new Order will be entered which will include an analysis of appealability, as required by Rule 11(a). Judgment will then be entered anew.

**IT IS SO ORDERED.**

**DATED: September 11, 2012**

                                          **s/** *Michael J. Reagan*
                                          **MICHAEL J. REAGAN**
                                          **UNITED STATES DISTRICT JUDGE**