## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALFONSO MCGEE,                                          )
No. 08938-025,                                          )
                                                        )
                          Petitioner,                   )
                                                        )
vs.                                                     )          Case No. 12-cv-00846-MJR
                                                        )
UNITED STATES of AMERICA,                               )
                                                        )
                          Respondent.                   )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on the motion of Alfonso McGee ("Petitioner") to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. On April 15, 2011, Petitioner pleaded guilty to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). *See USA v. McGee*, Case No. 10-CR-30241-MJR.

On September 16, 2011, the undersigned Judge sentenced Petitioner to 151 months in prison, three years of supervised release, a fine of $750, and a $100 special assessment. Judgment was entered September 20, 2011. Consistent with the terms of his plea agreement waiving his right to file a direct appeal and to seek any relief Title 18 and Title 28 (Doc. 24, pp. 9-11), Petitioner did not file a direct appeal. On November 14, 2011, pursuant to 18 U.S.C. § 3582(c), McGee moved for retroactive application of the Sentencing Guidelines for crack cocaine offenses. The Court denied the Section 3582 motion on February 8, 2012. On July 25, 2012, Petitioner filed the instant motion.

1

Petitioner's § 2255 motion contends that he was denied effective assistance of counsel in multiple respects, all relating to his being deemed a career offender and the resulting sentence.  Although Petitioner refers to his counsel in this case as having failed to challenge the voluntariness of a 1997 guilty plea underlying one of the convictions used to classify him as a career offender (Doc. 1, pp. 4, 8), Petitioner did not challenge the voluntariness of the plea – or even the negotiation of the plea—in *this* case.

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary.  *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995).  *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 516 U.S. 936 (1995).  Similarly, the Seventh Circuit has found that a waiver of § 2255 relief in a plea agreement is also enforceable, and should be treated no differently than the waiver of a direct appeal.  *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).  Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement.  *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.  *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

However, a valid appellate waiver, though binding in other respects, does not preclude judicial review of a criminal defendant's assertion that the plea agreement *itself* was the product of ineffective assistance of counsel.  *U.S. v. Jemison*, 237 F.3d 911, 916 (7th Cir. 2001) (discussing *United States v. Joiner*, 183 F.3d 635, 645 (7th Cir. 1999)).  In the case at bar,

Petitioner presents no such argument; he only attacks counsel's post-plea performance and the resulting sentence.

The plea agreement provides a single exception to the waiver of appeal and collateral review rights. In pertinent part, the plea agreement states:

> [T]he Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.

Doc. 24, p. 10 ¶ 2.

The exception is inapplicable because McGee was sentenced within the Guidelines range established by the Court. Based on Total Offense Level of 29, Criminal History VI, the Guidelines range was 151-188 months, and McGee was sentenced to serve 151 months in prison. *See* Doc. 32. Thus, Petitioner has waived the right to bring a collateral attack challenging the reasonableness of his sentence, which is at the heart of his ineffective assistance of counsel arguments—arguments the Court need not reach. McGee's Section 2255 motion shall therefore be denied and the action dismissed with prejudice.

Having denied McGee relief from his sentence, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if Petitioner has made a substantial showing of the denial of a constitutional right. Petitioner McGee has not made such a showing. Rather, the Court has concluded that he has waived his right to collateral relief relative to all of the issues raised in his Section 2255 petition. Therefore, McGee shall be **DENIED** a certificate of

3

appealability.   Pursuant to Rule 11(a), McGee may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

       **IT IS THEREFORE ORDERED** that Petitioner McGee's Section 2255 motion and this action are **DISMISSED with prejudice**.  Judgment shall enter accordingly.

       **IT IS FURTHER ORDERED** that Petitioner McGee is **DENIED** a certificate of appealability.

       **IT IS SO ORDERED.**

       **DATED: September 11, 2012**

                    <u>s/ *Michael J. Reagan*</u>
                    **MICHAEL J. REAGAN**
                    **UNITED STATES DISTRICT JUDGE**